**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DANIEL RATER, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>RIX ENERGY SERVICES, LLC,<br><br>JKD RED DIRT OILFIELD SERVICES, INC. D/B/A RED DIRT OILFIELD SERVICES, INC.,<br><br>JK RED DIRT RENTALS, LLC A/K/A JK RED DIRT RENTALS, INC.,<br><br>KYLE LEWIS,<br><br>JOHN MOORE, III, and<br><br>AARON LEWALLEN,<br><br>        Defendants. | Case No. 2:16-cv-00705<br><br>Chief Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge  Kemp |

**STIPULATED PROTECTIVE ORDER**

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, based upon the stipulation of the parties, and good cause appearing, it is hereby ORDERED as follows:

      1.      For purposes of this Protective Order ("Order"):

            a.    The term "Confidential Information" shall refer to information that a party believes in good faith to be confidential or proprietary technical, scientific, employment, financial, business, health, or medical information.  Such Confidential Information may be designated as "CONFIDENTIAL" as set forth below.

      b. The term "Attorney's Eyes Only Confidential Information" shall refer to information that a party believes in good faith to be confidential or proprietary technical, scientific, employment, financial, business, health, or medical information that is especially sensitive and disclosure of which would create an unreasonable risk of compromising the confidential information. Such Attorney's Eyes Only Confidential Information may be designated as "ATTORNEY'S EYES ONLY CONFIDENTIAL" as set forth below.

2. Confidential Information or Attorney's Eyes Only Confidential Information may be found in testimony given at any deposition in this action and in documents and other materials produced in discovery, whether informally or in response to interrogatories, requests for admissions, requests for productions of documents, subpoena *duces tecum*, or other discovery requests served in this matter ("Confidential Material").

3. Confidential Material shall be maintained in confidence in accordance with the provisions of this Protective Order, and may be used only for purposes of this litigation.

4. A producing party may designate information as CONFIDENTIAL by placing the following legend, or similar legend, on each page of the document or thing: "CONFIDENTIAL." All documents to be so designated shall be designated prior to the transmission of a copy to the other party (the "Receiving Party"), unless otherwise agreed in writing between the parties. A party may designate as CONFIDENTIAL information contained in a document produced by another party or third party by notifying the other parties to this litigation in writing within thirty (30) days of receipt of copies of the documents produced.

5. A producing party may designate information as ATTORNEY'S EYES ONLY CONFIDENTIAL by placing the following legend, or a similar legend, on each page of the

document or thing: "ATTORNEY'S EYES ONLY CONFIDENTIAL."  All documents so designated shall be designated prior to the transmission of a copy to the Receiving Party, unless otherwise agreed in writing between the parties.  A party may designate as ATTORNEY'S EYES ONLY CONFIDENTIAL information contained in a document produced by another party or third party by notifying the other parties to this litigation in writing within thirty (30) days of receipt of copies of the documents produced.

      6.     Deposition transcripts and exhibits thereto may be designated Confidential Material either: (i) by written notice to the reporter and all counsel of record before the testimony is recorded, (ii) at the deposition on the record, or (iii) by written notice to the reporter and all counsel of record within ten (10) days after the deposition transcript is received, in which case all counsel receiving such notice shall be responsible for appropriately marking the copies of the transcripts in their possession or under their control as directed by the designating party.  The parties agree that all deposition transcripts shall be treated as CONFIDENTIAL until the time for such designation has expired, unless agreed to otherwise in writing at the conclusion of the deposition.  If a party provides notice of confidentiality to the reporter and all counsel of record before testimony is recorded, the party claiming the confidentiality shall have the right to have all persons, except those designated in paragraphs 8 or 9 below, depending on the designated level of confidentiality, excluded from a deposition before taking the deposition testimony.

      7.     Materials produced pursuant to subpoenas *duces tecum* may be designated as Confidential Material either (i) before the materials are reproduced by labeling the Confidential Materials as described above or (ii) by written notice to all counsel of record within ten (10) days after the copies of the reproduced materials are received by any party or its counsel, in which case all counsel receiving such notice shall be responsible for appropriately marking the copies

of the Confidential Materials in their possession or under their control as directed by the designating party.

8. Materials designated CONFIDENTIAL may only be disclosed to:

   a. The Court and its personnel;

   b. The parties;

   c. Counsel for any of the parties and personnel or agents, such as paralegals, photocopying services, and court reporters who are actually involved in assisting counsel in the prosecution or defense of this action, provided however, that such non-counsel personnel have access to Confidential Material only to the extent necessary to perform their duties as determined by the representative counsel;

   d. Court reporters involved in transcribing depositions and other proceedings in this litigation, and videographers involved in recording depositions, provided that such persons are provided Confidential Material only to the extent necessary to perform their duties;

   e. Experts whose technical advice and consultations are being used in connection with the present litigation, together with their secretarial and clerical personnel, provided, however, that such secretarial and clerical personnel have access to the Confidential Material only to the extent necessary to perform their duties; and

   f. Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the producing party or parties.

9. Confidential Information may be disclosed to any person described in subsection 8(e) only after the party seeking to disclose Confidential Information sends the identity of the person described in subsection 8(e) to the designating party at least ten (10) calendar days prior to any disclosure to such person. Additionally, Confidential Information may be disclosed to any person described in subsection 8(e) only after such person has been advised of this Order, and has acknowledged and agreed to be bound by the terms hereof by executing a certification in the form attached hereto as **Exhibit A**.

10. Materials designated ATTORNEY'S EYES ONLY CONFIDENTIAL may only be disclosed to:

   a. The Court and its personnel;

   b. Counsel for any of the parties and personnel or agents, such as paralegals, photocopying services, and court reporters who are actually involved in assisting counsel in the prosecution or defense of this action, provided however, that such non-counsel personnel have access to Attorney's Eyes Only Confidential Material only to the extent necessary to perform their duties as set determined by the representative counsel;

   c. Court reporters involved in transcribing depositions and other proceedings in this litigation, and videographers involved in recording depositions, provided that such persons are provided Attorney's Eyes Only Confidential Material only to the extent necessary to perform their duties; and

   d. Experts whose technical advice and consultations are being used in connection with the present litigation, together with their secretarial and clerical personnel, provided, however, that such secretarial and clerical personnel have

access to the Attorney's Eyes Only Confidential Material only to the extent necessary to perform their duties.

11. Attorney's Eyes Only Confidential Information may be disclosed to any person described in subsection 10(d) only after the party seeking to disclose Attorney's Eyes Only Confidential Information sends the identity of the person described in subsection 10(d) to the designating party at least ten (10) calendar days prior to any disclosure to such person. Additionally, Attorney's Eyes Only Confidential Information may be disclosed to any person described in subsection 10(d) only after such person has been advised of this Order, and has acknowledged and agreed to be bound by the terms hereof by executing a certification in the form attached hereto as **Exhibit A**.

12. Notwithstanding the above, the confidentiality provisions of this Order shall not apply to Confidential Material that is: (i) generally available to the public other than as a result of violation of this Order, or (ii) available on a non-confidential basis from a source other than the producing party or a party that obtained such information pursuant to this Order.

13. If at any time prior to trial of this action, a party realizes that material previously produced should be designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL, the party may so designate by apprising all of the parties or their counsel in writing ("Late-designated Material"), in which case all counsel receiving such notice shall be responsible for appropriately marking the copies of the Late-designated Material in their possession or under their control as directed by the designating party. Such Late-designated Material will thereafter be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL information under the terms of this Order. It shall be understood, however, that no person or counsel shall incur any liability hereunder with respect to disclosure that

occurred prior to receipt of written notice of Late-designated Material.

14. Any party intending to submit information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL with the Court in any form shall submit the information as private, and in doing so, shall take care such that only that portion of the submission that contains the Confidential Material is filed as private.

15. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Confidential Material under seal by Motion pursuant to this Court's Local Rules.

16. Nothing in this Order shall be construed to prevent a party to this action from opposing the designation of materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL.  A party seeking to object to the designation of materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL shall promptly notify the other parties in writing.  The parties will confer in good faith regarding any dispute over such designations prior to seeking assistance from the Court.  If the parties are unable to resolve their dispute, the party designating the materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL (or any other party seeking to maintain the designation) shall then move the Court for a protective order or any other order showing that designation is proper.

17. Nothing in this Order shall be deemed to preclude any party from seeking additional protection with respect to the confidentiality of documents or other discovery materials, as that party may consider appropriate, including the redaction of personal information.  A party seeking additional protection shall promptly notify the other parties in writing.  The parties will confer in good faith regarding any dispute over such designations prior

7

to seeking assistance from the Court. If the parties are unable to resolve their dispute, the party requesting additional protection shall have the burden of requesting additional protection from the Court.

18. If any person or entity requests or demands, by subpoena, document request or otherwise, any Confidential Material from any party, the party receiving the request will immediately notify the party that designated the document as Confidential Material, and shall make reasonable efforts to cooperate with the party in opposing or limiting disclosure, including without limitation permitting the designating party the opportunity to protect its interest by motion or otherwise in the appropriate forum.

19. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the attorney work product doctrine or any other evidentiary privilege or protection, or materials that are otherwise beyond the scope of permissible discovery.

20. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility of any evidentiary materials at trial.

21. Within thirty (30) days after the termination of this litigation, all originals and copies of documents constituting Confidential Material and/or designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY CONFIDENTIAL shall be either: (i) returned to the respective party or non-party originally producing the documents or (ii) destroyed. Certification of such destruction shall be furnished to the party that designated the documents as confidential upon request. However, counsel for the parties may retain a file copy of correspondence, filings, and other related material, which shall remain subject to the applicable confidentiality protections of this Order.

22. This Order shall remain in effect after the final determination of this action. The Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for contempt hereof.

IT IS SO ORDERED.

Dated: September 30, 2016

/s/ Terence P. Kemp
UNITED STATES MAGISTRATE JUDGE

Approved as to form:

*s/* Robert E. DeRose
*(authorization granted by email 9/29/16)*
Robert E. DeRose (Ohio Bar No. 005214)
Robi J. Baishnab (Ohio Bar No. 0086195)
BARKAN MEIZLISH HANDELMAN
GOODIN DEROSE WENTZ, LLP
250 E. Broad St., 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: rderose@barkanmeizlish.com
rbaishnab@ barkanmeizlish.com

*s/* Clif Alexander
*(authorization granted by email 9/29/16)*
Clif Alexander *(admitted pro hac vice)*
Federal I.D. No. 1138436
Texas Bar No. 24064805
ANDERSON2X, PLLLC
819 N. Upper Broadway
Corpus Christi, TX 78401
Telephone: (361) 452 1279
Fax: (361) 452-1284
Email: clif@a2xlaw.com

*Attorneys for Plaintiffs and
the Putative Class Members*

*s/* Kevin N. Anderson
Kevin N. Anderson (Ohio Bar No. 0092847)
Trial Attorney
FABIAN VANCOTT
215 South State St., #1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900
Fax: (801) 596-2814
Email: kanderson@fabianvancott.com

*s/* Gregory M. Saylin
Gregory M. Saylin *(admitted pro hac vice)*
Melanie S. Grayson *(admitted pro hac vice)*
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 531-8900
Fax: (801) 596-2814
Email: gsaylin@fabianvancott.com
mgrayson@fabianvancott.com

*Attorneys for Defendants*

4819-2571-3977, v. 2